Dated: December 27, 2010

**The following is ORDERED:**



_____
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
JASON LEWIS THAMES                         Case No. 10-82050-TRC
BROOK NICOLE THAMES,                       Chapter 7
          Debtors.

ORDER GRANTING DEBTOR'S MOTION TO AVOID JUDGMENT LIEN

      There came on for evidentiary hearing on December 15, 2010, Debtors' Motion to Avoid Lien with Lakeside State Bank (Docket Entry 8), Objection filed by Creditor Lakeside State Bank (Docket Entry 15), and Debtors' Response (Docket Entry 16). Appearances were entered by Gerald Miller on behalf of the Debtors, and J. Patrick Mensching on behalf of Creditor Lakeside State Bank. After hearing the arguments of counsel, the matter was taken under advisement.

      This Order constitutes the Court's findings of fact and conclusions of law consistent with Fed. R. Bankr. P. 7052. For reasons set forth below, the Court determines that Debtors' Motion to Avoid Lien with Lakeside State Bank should be granted.

      The facts are undisputed. In August of 2010, Creditor Lakeside State Bank ("Lakeside")

foreclosed on Debtors' mortgaged real estate and purchased that real estate at the Sheriff's Sale through a credit bid. A deficiency was left owing so, on October 20, 2010, Lakeside obtained a deficiency judgment in the amount of $ 31,104.09, plus interest, against the Debtors in Wagoner County District Court, State of Oklahoma, Case No. CJ-09-1617. That same day, Lakeside recorded this judgment with the Wagoner County Clerk. Debtors filed bankruptcy on November 15, 2010. Debtors moved to avoid Lakeside's non-possessory, non-purchase money judicial lien pursuant to 11 U.S.C. § 522(f)(1)(A), as it impaired Debtors' homestead exemption. Debtors listed their homestead on Schedule A, valued at $ 64,000 subject to a first mortgage of $ 26,620, and claimed their homestead as exempt property on Schedule C pursuant to Okla. Stat. tit 31, § 1(A)(1) & (2) and § 2. After deducting the first mortgage, Debtors valued their homestead exemption at $ 37,380.

Lakeside argues that its judicial lien does not impair Debtors homestead exemption and, thus, cannot be avoided in bankruptcy, because Oklahoma law does not allow a forced sale of real estate for payment of a debt represented by the judicial lien. Thus, since a lien only attaches to the homestead until the owner elects to sell it, at which time it must be paid and released, and the lienholder cannot force the sale of the property in satisfaction of the lien, Lakeside believes there to be no impairment of the property from the lien. Lakeside relies upon Oklahoma's judgment lien statute, as amended in 1997, Okla. Stat. tit. 12, § 706(B), to support its argument that Debtors' homestead exemption is limited to the "non-disturbance of their possessory rights"[1] and does not allow them to avoid Lakeside's lien. Section 706(B) states that a judgment shall be a lien on the real estate of the judgment debtor once a Statement of Judgment is filed with the county clerk. Once the

---

[1] Lakeside's Objection to Motion to Avoid Judgment Lien (Docket Entry 15), page 3.

lien is filed, § 706(B)(2) provides for the attachment of the lien with this condition:

> A lien created pursuant to this section shall affect and attach to all real property, including the homestead, of judgment debtors . . .; however, judgment liens on a homestead are exempt from forced sale pursuant to Section 1 of Title 31 of the Oklahoma Statutes and Section 2 of Article XII of the Oklahoma Constitution.

Lakeside argues to this Court that bankruptcy case law regarding impairment of judgment liens on homesteads is incorrect, and is based upon a misunderstanding of the Oklahoma homestead exemption statute as amended in 1997. Lakeside explained that, prior to 1997, judgment liens did not attach to real estate or homesteads and could not be enforced against the same. After 1997, and the amendment to § 706(B), a judgment lien formally attaches to all real estate. Therefore, there is now no true exemption in land, but simply a right to undisturbed possession of one's homestead. A judgment lien cannot impair a debtor's homestead exemption because the only right afforded to an Oklahoma homeowner by the homestead exemption is that of a renter since there can be no forced sale of the property. The lien attaching per 706(B)(2) does not impair the exemption, but merely defines and frames the exemption to be a right to possession only. Lakeside believes that lien avoidance would improperly allow Debtors to use their homestead as an investment, depriving Lakeside of its right to collect on its judgment at some future time.

Debtors argue that the overwhelming body of case law holds that a judgment lien does impair an exemption. To impair means to lessen, weaken, or injure, and the judgment lien does that by denying a debtor the right to refinance a mortgage or sell and then use the equity to purchase another homestead. Debtors also argue that if Okla. Stat. tit. 12, § 706(B) limits homestead exemptions as Lakeside claims, it is contrary to the Oklahoma Constitution. Finally, Debtors argue that federal bankruptcy law preempts this discussion and federal law provides that any impairment may be avoided.

This Court has reviewed the relevant statutory authority and case law on this issue and does not interpret the Oklahoma lien statute to limit or restrict the Oklahoma homestead exemption in such a way as to prohibit lien avoidance as Lakeside argues. Okla. Stat. tit. 12, § 706(B)(2) simply prohibits the forced sale of a homestead to satisfy a judgment lien. This Court finds no support in Oklahoma or bankruptcy law for Lakeside's argument that judicial liens do not impair or adversely impact a homestead exemption and thus may not be avoided. In fact, case law is contrary to Lakeside's position. Oklahoma's Supreme Court recognizes that judgment liens may be avoided in bankruptcy as a matter of federal law, rather than state law. *Toma v. Toma*, 163 P.3d 540 (Okla. Sup Ct. 2007). The intent of § 706 is to protect the homestead; therefore, a judgment lien may only be enforced against property that is not used as a debtor's homestead. *Id*. at 542, n. 12. This decision appears contrary to Lakeside's assertion that the intent of the amended § 706 was to limit a homeowner's homestead exemption to mere possession. The *Toma* court also cited a Bankruptcy Appellate Panel decision that directly addressed and rejected the argument Lakeside makes herein, *In re Coats*, 232 B.R. 209 (10th Cir. BAP 1999). *Coats* held that a judgment lien impairs a homestead exemption and may be avoided, even after the amendment to § 706 in 1997. *Id*. at n. 12. Another case cited by Lakeside, *Bank of Oklahoma v. Ashley*, 212 P.3d 507 (Okla. Ct. Civ. App. 2009), also recognized that a judgment lien may be avoided or extinguished in bankruptcy. *See id.* at n. 4.

Turning then to federal law regarding lien avoidance, this Court finds the law well-settled in this circuit that bankruptcy law preempts state exemption law regarding lien impairment, and that a judgment lien may be avoided pursuant to 11 U.S.C. § 522(f) as an impairment of a homestead exemption. This Court has previously held that a judicial lien impairs a homestead exemption and

can therefore be avoided, regardless of Oklahoma's prohibition of forced sales for judicial liens. *In re Lawson*, 342 B.R. 98 (E.D. Okla. 2006). In reaching this decision, this Court relied upon *In re Coats*, the BAP case cited by the Oklahoma Supreme Court. That case specifically addressed the effect of the amendment to § 706, and whether a judicial lien could be avoided in light of that amendment. 232 B.R. 209. It held that while § 706 allows a judicial lien to attach to real property claimed as a homestead, it is preempted by 11 U.S.C. § 522(f) and should be avoided to give debtors a fresh start. 232 B.R. at 214. The decision also notes that "the mere existence of a judicial lien impairs the homestead exemption because it constitutes a cloud on the title." *Id.* at n. 8.

As Debtors suggest, Lakeside's lien on Debtors' homestead impairs their ability to refinance their mortgage. Also, if Debtors ever sell their homestead, proceeds from that sale, which would normally retain their exempt character if used to acquire another homestead, would have to be used to satisfy Lakeside's lien and pass clear title to the buyer. In satisfying Lakeside's lien, Debtors' ability to use the proceeds of the sale to purchase a new homestead would be impaired. *See Matter of McMasters*, 220 B.R. 419 (Bankr. N.D. Okla. 1998). Applying the formula of 11 U.S.C. § 522(f)(2), the sum of Lakeside's lien ($ 31,104.09), all other liens ($ 26,620.00), and the amount of exemption Debtors could claim if there were no liens on the property ($ 64,000) is $ 121,724.09, which exceeds the value that the Debtors would have in the property in absence of any liens. Therefore, Lakeside's judicial lien that is attached to Debtors' homestead impairs Debtors' homestead exemption and is avoidable.

IT IS THEREFORE ORDERED that Debtors' Motion to Avoid Lien with Lakeside State Bank (Docket Entry 8) is **granted**.

###

MOVANT TO NOTIFY ALL INTERESTED PARTIES